*Kotler v. Boley*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-two.

PRESENT:
   SUSAN L. CARNEY,
   JOSEPH F. BIANCO,
   ALISON J. NATHAN,
      *Circuit Judges.*

———————————————————————————

KERRY KOTLER,

   *Plaintiff-Appellant,*

     v.          No. 21-1630

C. BOLEY, J. CARRERAS, SERGEANT, S. REAMS, INMATE GRIEVANCE PROGRAM SUPERVISOR,

   *Defendants-Appellees,*

K. CHAUVIN, SENIOR COUNSELOR,

   *Defendant.*

———————————————————————————

| | |
|---|---|
| FOR APPELLANT: | Kerry Kotler, pro se, Marcy, NY. |
| FOR APPELLEE: | Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, Blair J. Greenwald, Assistant Solicitor General, Of Counsel, *for* Letitia James, Attorney General, New York State Office of the Attorney General, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED**.

In 2017, Kerry Kotler, pro se and incarcerated, sued corrections officers C. Boley and J. Carreras pursuant to 42 U.S.C. § 1983, asserting First Amendment retaliation and due process claims. Kotler alleged that in retaliation for his participation in the prison inmate grievance program, the defendants searched his cell, wrote a false misbehavior report, confined him to special disciplinary units for three months, and testified falsely at his disciplinary hearing. The district court granted the defendants' motion to dismiss, reasoning that Kotler failed to state a retaliation or due process claim.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), "accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because Kotler filed his complaint pro se, "it must be construed liberally to raise the strongest arguments it suggests." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (alterations adopted).

---

[1] Kotler also brought this action against Supervising Offender Rehabilitating Coordinator Chauvin and Inmate Grievance Program Supervisor Reams, and the district court dismissed the claim against Chauvin for failure to serve. On appeal, Kotler references his claims against Chauvin but, because in his briefing on appeal he does not address the district court's dismissal of these claims, he has abandoned any challenge. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). Kotler has expressly abandoned his claims against Reams. Appellant's Br. at 2.

Further, the district court did not enter final judgment as a separate document. Judgment is deemed to have been entered under Federal Rule of Appellate Procedure 4(a)(7), and Kotler's notice of appeal was timely under Rule 4(a)(2).

## I.    First Amendment Retaliation Claim

To establish a First Amendment retaliation claim, a prisoner must show "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (citation and internal quotation marks omitted). To establish an "adverse action" in the prisoner context, the "retaliatory conduct" must be such that it "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (citation omitted); *see also Espinal*, 558 F.3d at 128 n.7.

We approach prisoner retaliation claims with "skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (citation and internal quotation marks omitted). Such claims must be "supported by specific and detailed factual allegations, not stated in wholly conclusory terms." *Id.* (citation and internal quotation marks omitted).

There is no dispute that Kotler easily meets the first element of his retaliation claim, as it is "well established" that filing inmate grievances is constitutionally protected conduct. *See id.* at 294.

Concerning the second element, the district court concluded that Kotler failed to allege an adverse action because a cell search would not deter a prisoner of "ordinary firmness," "whose cell can be searched at any time," from submitting grievances. *Kotler v. Boley*, 2018 WL 4682026, at *4 (S.D.N.Y. Sept. 28, 2018). Kotler asserts on appeal that "the question is not whether the search itself" was an adverse action, but "whether the overall and collective actions" of the defendants constituted adverse action. Appellant's Br. at 11.

3

We assess adverse action by "look[ing] to the specific circumstances in which retaliation claims arise." *Hayes v. Dahlke*, 976 F.3d 259, 272 (2d Cir. 2020). Here, the "specific circumstances" alleged by Kotler included not only the cell search but also a false report—based on contraband that allegedly would not have ordinarily resulted in discipline—and false testimony at the hearing. Further, Kotler alleged that these actions resulted in several months of disciplinary confinement. We have previously concluded that conduct similar to some of Kotler's allegations (e.g., false reports and associated sanctions) constituted adverse action. *See, e.g.*, *id.* at 273 (concluding that "sending a prisoner to keeplock for some indeterminate amount of time" constituted adverse action); *Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004) (concluding that "the filing of false misbehavior reports" and "three weeks in keeplock" constituted adverse action).

It is thus plausible that a cell search, the issuance of a disciplinary report based on an item that would usually just be thrown away, a false disciplinary report, placement in disciplinary housing, and false testimony at a disciplinary hearing could deter prisoners "of ordinary firmness" from exercising their constitutional right to file grievances.

Kotler also must satisfy causation, the third element of a retaliation claim, which requires that his allegations be "sufficient to support the inference that [his filing of grievances] played a substantial part in the adverse action." *Davis*, 320 F.3d at 354 (citation and internal quotation marks omitted). The district court determined that because Kotler never alleged the *content* of the grievances, including whether the grievances were filed against Boley and Carreras specifically, he did not plausibly allege a causal connection between the grievances and the defendants' subsequent actions. *Kotler v. Boley*, 2020 WL 905752, at *2 n.2 (S.D.N.Y. Feb. 25, 2020).

It is true that the subject matter of the grievances "could have aided in establishing a plausible motivation" for the defendants' alleged retaliation against Kotler, *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), but causation may be established even if a prisoner's protected conduct was

4

not directed at the defendant, *see Davis*, 320 F.3d at 354 (explaining that prisoner stated a retaliation claim against prison officials who allegedly took adverse action against him, even though his protected conduct was a lawsuit against officials at a different prison); *see also Espinal*, 558 F.3d at 129–30 (reversing grant of summary judgment to correction officer on retaliation claim, reasoning that a factfinder could infer that the officer was aware of the protected conduct, a lawsuit against *other* officers, and retaliated against the prisoner).

Here, although Kotler did not allege the content of the grievances, he alleged a motivation for the defendants' actions: Kotler was advocating on behalf of other inmates. Kotler's allegation that he helped another inmate write a grievance—combined with Boley's alleged statement tying the search to Kotler's advocacy—creates a reasonable inference that the defendants had a retaliatory motivation for the search and subsequent actions. This inference is further supported by his other allegations, including that the item Boley recovered would ordinarily have been thrown away instead of resulting in a disciplinary report and confinement, that the defendants submitted a false grievance report, and that the defendants gave false and contradictory testimony at the hearing about the reason for the search.

In addition, "[o]ne way a plaintiff can establish a causal connection is by showing that protected activity was close in time to the adverse action." *Brandon v. Kinter*, 938 F.3d 21, 40 (2d Cir. 2019) (citation and internal quotation marks omitted). The single day that Kotler alleged passed between the protected conduct and the defendants' retaliatory actions falls well within this Court's precedent on temporal proximity. *See, e.g., Hayes*, 976 F.3d at 273 (explaining that one month between a grievance and false misbehavior report constituted circumstantial evidence of retaliation).

The defendants assert that causation cannot be inferred because there were non-retaliatory reasons for their actions: cells may be searched at random and Kotler conceded that contraband was found in his cell. But Kotler alleged that the defendants "normally would have . . . simply discarded" the contraband found in his cell and that Boley lied about how dangerous the item was by stating it had been sharpened. Taking Kotler's allegations as true,

5

the non-retaliatory justifications for the defendants' actions are insufficient to dismiss his claim. At this "early state" of the proceedings, he should have "the opportunity to develop facts" to demonstrate his claim. *See Davis*, 320 F.3d at 354 (citation omitted). Therefore, his complaint plausibly alleged a First Amendment retaliation claim.

## II. Due Process Claim

A prisoner can establish a due process violation by showing that "a false misbehavior report[] . . . was issued in retaliation for exercising a constitutionally protected right." *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (citation omitted). The district court dismissed Kotler's due process claim against Boley and Carreras because it concluded that Kotler had not alleged that the false report was retaliatory, and he had alleged that they had testified falsely at the hearing to justify the cell search, not in retaliation for his protected conduct. *Kotler*, 2018 WL 4682026, at *5; *Kotler*, 2020 WL 905752, at *3. Because we conclude that Kotler plausibly alleged that the defendants' retaliation for the grievances *included* writing the false report and testifying falsely at the hearing, the district court should reconsider Kotler's due process claim on remand.

Finally, the defendants argue they are entitled to qualified immunity. The district court did not reach this issue, and we decline to do so in the first instance.

Accordingly, we **VACATE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

6