10-0908-pr
Webster v. Fischer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand ten.

PRESENT:

> GUIDO CALABRESI
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> PAUL A. CROTTY,
> > *District Judge*.[*]

_____

James Webster,
> *Plaintiff-Appellant*,

> v.                                                                  10-908-pr

Brian Fischer, *et al.*,
> *Defendants-Appellee*s,

_____

FOR APPELLANT:          James Webster, *pro se*, Rome, NY.

FOR APPELLEES:          Andrew Cuomo, Attorney General of the State of New York;
                        Andrea Oser, Deputy Solicitor General; Andrew B. Ayers,
                        Assistant Solicitor General, Albany, NY.

_____

[*] The Honorable Paul A. Crotty, Judge of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant James Webster, proceeding *pro se*, appeals the judgment of the district court granting defendants-appellees' motion for summary judgment and dismissing his complaint which raised claims pursuant to 42 U.S.C. § 1983 and alleged a series of violations of his constitutional rights. Webster also challenges the lower court's denial of his request to conduct depositions and contends that the district court erred in failing to afford him sufficient solicitude in light of his status as a *pro se* litigant. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a grant of summary judgment *de novo*, and in so doing, we construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 427 (2d Cir. 2009); *Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007). Summary judgment is warranted only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009).

Webster contends principally that the district court improperly resolved factual disputes in granting summary judgment. We disagree. Based on an exhaustive review of the record, we conclude, in accordance with the district court's findings, that no issues of material fact remain in dispute and that defendants are entitled to summary judgment for substantially the same

2

reasons set forth by the magistrate judge in his thorough and well-reasoned Report and Recommendation. Indeed, contrary to Webster's assertions on appeal, we are unable to discern any factual disputes in the record that, if resolved in plaintiff's favor, could establish that defendants violated his constitutional rights.

With respect to the discovery claim, we review a district court's discovery orders for abuse of discretion, *see Ind. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 937 (2d Cir. 1998), and will reverse such a ruling only if "the action taken was improvident and affected the substantial rights of the parties," *Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994) (internal quotations omitted). We find no such abuse of discretion here. In so concluding, we note that nowhere – including before this Court – does Webster indicate, first, why the belatedly requested depositions were not noticed or taken in a timely manner, and, second, how the additional discovery would have been helpful, let alone necessary to his claims.

Finally, we find no error in the district court's handling of plaintiff's *pro se* status. Specifically, we note that, contrary to Webster's arguments on appeal, the magistrate judge made clear that he *was* affording Webster special solicitude in light of his pro se status and was construing his filings accordingly.

To the extent Webster's appeal can be construed as raising other arguments, we have considered them and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk