14-2561-cv
Dolan v. Connolly, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————

August Term, 2014

(Submitted: April 29, 2015                    Decided: July 23, 2015)

Docket No. 14-2561-cv

————————

RORY DOLAN,

*Plaintiff-Appellant*,

v.

WILLIAM J. CONNOLLY, Superintendent, DAVID A. STALLONE, Superintendent, ROGER MAINES, Plant Superintendent, M. CALLENDER, Lieutenant, CARL GOOD, Senior Correction Counselor,

*Defendants-Appellees*.

————————

Before: JACOBS, POOLER, and HALL, *Circuit Judges*.

Appeal from the United States District Court for the Southern District of New York (George B. Daniels, *J.*) dismissing Plaintiff-Appellant Rory Dolan's complaint for failure to state a claim. Dolan alleged that defendants retaliated against him for his actions as a member of the prison Inmate Liaison Committee ("ILC"), in violation of 42 U.S.C. §§ 1983 and 1985(3). Because we hold that filing

and voicing inmate grievances as a member of an ILC constitutes constitutionally protected conduct, we vacate the dismissal of Dolan's Section 1983 claim and remand for further proceedings.

Affirmed in part, vacated and remanded in part.

_____

RORY DOLAN, pro se, Marcy, NY, *for Plaintiff-Appellant*.

VALERIA FIGUEREDO, Assistant Solicitor General (Claude S. Platton, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, *for Defendants-Appellees*.

_____

POOLER, *Circuit Judge*:

Plaintiff-Appellant Rory Dolan filed a pro se complaint, pursuant to 42 U.S.C. §§ 1983 and 1985(3) and the New York State Constitution, alleging that employees of the New York Department of Corrections and Community Supervision filed a false misbehavior report and conspired against him, resulting in his 90-day confinement in the Special Housing Unit ("SHU"). The United States District Court for the Southern District of New York (George B. Daniels, *J.*), adopting the report and recommendation of a magistrate judge (Gabriel W. Gorenstein, *M.J.*), dismissed the complaint under Federal Rule of Civil Procedure

12(b)(6) for failure to state a cause of action. The district court concluded, inter alia, that Dolan's alleged activities as a member of the Inmate Liaison Committee ("ILC") at Fishkill Correctional Facility ("Fishkill") were insufficient to demonstrate that he engaged in protected speech or conduct, as required to state a First Amendment retaliation claim under Section 1983. The district court declined to exercise supplemental jurisdiction over Dolan's state law claims. Dolan appeals.

We hold that action as a member of an ILC, i.e. the filing or voicing of grievances on behalf of a prison population, qualifies as constitutionally protected conduct under the First and Fourteenth Amendments and that retaliation for such conduct is therefore actionable under Section 1983.

**BACKGROUND**

We draw the following facts, which we assume "to be true for purposes of our *de novo* review of the district court's grant of defendants' motion to dismiss," from the plaintiff's complaint. *See Ricci v. Teamsters Union Local 456*, 781 F.3d 25, 26 (2d Cir. 2015).

Dolan served as an ILC representative at Fishkill for two terms. On the ILC Dolan advocated "for better conditions within the prison," Complaint at 11,

3

*Dolan v. Connolly*, No. 13-civ-5726 (GBD) (GWG), 2014 WL 3057973 (S.D.N.Y. June 27, 2014), and "aid[ed] other incarcerated individuals as they pursued federal civil rights litigation [and] initiated the prison grievance process," *id*. at 10. When Dolan was reelected for a third term, Superintendent William J. Connolly banned him from further service. After this ban was lifted, Dolan was again elected to the ILC, this time as chairperson, on January 20, 2011. Although Dolan makes familiar reference to the ILC at Fishkill in his pleadings, it is not clear from the complaint whether similar committees exist at other prisons, or how they are structured. Of course, our decision today relies only on the facts alleged in the complaint.

In the days following Dolan's reelection, Carl Good, a senior correction counselor, searched and confiscated Dolan's prison law library computer, and M. Callendar, a correction lieutenant, filed a false misbehavior report against Dolan for use of unauthorized password-protected files. On January 26, 2011, Dolan was placed in a solitary confinement cell pending a disciplinary hearing. At that hearing, Roger Maines, a superintendent at Fishkill, found, among other things, that Dolan disobeyed a direct order with respect to his computer use, in violation of 7 N.Y.C.C.R. § 270.2(7)(i), and sentenced him to ninety days in the SHU.

4

Connolly declined Dolan's requests to conduct a discretionary review of the hearing and penalty. Dolan subsequently appealed the disciplinary hearing decision, which was administratively reversed on April 14, 2011.

However, Dolan, who had been transferred to Cayuga Correctional Facility ("Cayuga") in March, was not released from the SHU at Cayuga until twelve days later on April 26, 2011, when the original ninety-day term expired, despite the fact that Cayuga Superintendent David A. Stallone had received notice of the administrative reversal.

Dolan brought suit, alleging that defendants violated 42 U.S.C. § 1983 by retaliating against him for exercising his First Amendment right to "file prison grievances, pursue civil litigation, and help other incarcerated individuals at Fishkill do the same." Complaint at 25, *Dolan v. Connolly*, No. 13-civ-5726 (GBD) (GWG), 2014 WL 3057973 (S.D.N.Y. June 27, 2014). Dolan alleged that defendants were present during ILC meetings and had been involved in general grievances raised by Dolan on behalf of the general prison populace in his capacity as an ILC representative. Additionally, Dolan looked to 42 U.S.C. § 1985(3) for relief, asserting that the defendants conspired to deny him equal protection of the law

due to his membership in the class of jailhouse lawyers and as a member of the ILC.

The district court referred the matter to a magistrate judge, and defendants moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. The magistrate judge recommended granting the motion. As to the Section 1983 claim, the magistrate judge found that (1) Dolan did not identify specific grievances he filed that resulted in retaliation, and neither his general conduct on the ILC nor his status as a member was constitutionally protected and (2) he failed to establish a sufficient causal link between protected activity and defendants' adverse actions against him. The conspiracy claim failed because Dolan did not identify membership in a protected class for purposes of Section 1985(3) relief. After reviewing Dolan's objections, the district court adopted the magistrate judge's report and recommendation in its entirety, dismissed the complaint for failure to state a claim, and declined to exercise supplemental jurisdiction over the state law claims. Although the magistrate judge noted that Dolan should be granted leave to file an amended complaint, the district court did not address Dolan's request to replead and directed the clerk to close the case.

Dolan appealed seeking reinstatement of his retaliation and conspiracy claims.

## DISCUSSION

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mirabilio v. Reg'l Sch. Dist. 16*, 761 F.3d 212, 213 (2d Cir. 2014) (internal quotation marks omitted). We are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

## I. Section 1983 Claim

To state a First Amendment retaliation claim sufficient to withstand a motion to dismiss, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (internal quotation marks omitted). The question before us is whether Dolan's complaint adequately pleaded factual matter sufficient to establish the first and third prongs. Because we conclude that the district court erred, as a matter of law, in

7

determining that Dolan's grievance advocacy as a member of the Fishkill ILC was not constitutionally protected conduct, we do not pass on the sufficiency of Dolan's retaliation claim and instead remand to the district court for further consideration.

While we have not held specifically that a prisoner engages in constitutionally protected conduct by carrying out the duties of a member of an ILC,[1] it is well established that "retaliation against a prisoner for pursuing a grievance violates the right to petition government for the redress of grievances guaranteed by the First and Fourteenth Amendments and is actionable under § 1983." *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996); *see also, e.g.*, *Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004) ("[Plaintiff] has sufficiently alleged . . . participation in protected activity: the use of the prison grievance system.");

---

[1] Several of the district courts hold that a prisoner engages in constitutionally protected conduct when carrying out the duties of a representative to a prisoner grievance body. *See, e.g*, *Webster v. Fischer*, 694 F. Supp. 2d 163, 183 (N.D.N.Y.) ("voic[ing] criticisms regarding prison conditions" as an ILC member), *aff'd*, 398 F. App'x 683 (2d Cir. 2010); *Ayers v. Roberts*, No. 05-CV-889A(F), 2008 WL 2079921, at *6 (W.D.N.Y. May 15, 2008) ("accept[ing] staff misconduct complaints . . . and forwarding such complaints for investigation" as ILC chairperson); *Shaheen v. Filion*, No. 9:04-CV-625, 2006 WL 2792739 (FJS/DRH), at *3 (N.D.N.Y. Sept. 17, 2006) (making "complaints to prison officials in [prisoner's] capacity as the chairman of the ILC"); *Gill v. Riddick*, No. 9:03-CV-1456, 2005 WL 755745, at *8–11 (N.D.N.Y. Mar. 31, 2005) ("filing of [a] grievance agenda and making oral complaints" as inmate representative to prison problem solving committee).

8

*Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988) (The "intentional obstruction of a prisoner's right to seek redress of grievances is precisely the sort of oppression that section 1983 is intended to remedy." (alterations and internal quotation marks omitted)). Indeed, we have held that a prisoner states protected conduct where prison officials are alleged to have filed a false misbehavior report "in retaliation for [the prisoner's] leadership in filing a grievance to protest" prison conditions. *Graham*, 89 F.3d at 79–80. In *Graham*, we found the prisoner's conduct—filing a grievance and attempting to identify other inmates to represent additional grievants in raising the same issue—"clearly" implicated "a protected right of redress under the First and Fourteenth Amendments." *Id.* at 80.

We perceive no sufficient basis to distinguish a prisoner's conduct in filing a grievance on his own behalf and the filing or voicing, as a member of a prisoner grievance body, of grievances on behalf of other prisoners. *Cf. Franco*, 854 F.2d at 586, 589 (recognizing retaliation for prisoner's cooperation with a state administrative investigation of abuse of another inmate "implicate[s] [a prisoner's] broader right to petition government for redress of grievances"). As we have previously recognized, the ILC is "a group of inmates elected to communicate grievances to officials." *Meriwether v. Coughlin*, 879 F.2d 1037, 1039

9

(2d Cir. 1989); N.Y. Comp. Codes R. & Regs., tit. 7, § 701.3(d) (requiring grievances raised as class actions to "be referred to the inmate liaison committee"). Dolan's alleged actions as an ILC representative are similar, if not identical, to the grievance-related activity already established as constitutionally protected conduct. *See Graham*, 89 F.3d at 79–80; *Franco*, 854 F.2d at 589. Accordingly, we now hold that retaliation against a prisoner for filing or voicing grievances on behalf of a prison population as a member of an inmate grievance body, such as the ILC, "violates the right to petition government for the redress of grievances guaranteed by the First and Fourteenth Amendments." *Graham*, 89 F.3d at 80.[2]

We have previously instructed district courts to "approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (internal quotation marks omitted). Thus, we have required that such claims be "supported by specific and detailed factual

---

[2] Defendants have not raised a qualified immunity defense on appeal. Accordingly, we need not (and do not) decide whether this constitutional rule was clearly established at the time of the alleged misconduct.

10

allegations," not stated "in wholly conclusory terms." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Notwithstanding these requirements, the district court's appraisal of the complaint's factual allegations as "insufficient to demonstrate a distinct exercise of protected speech or conduct," *Dolan v. Connolly*, No. 13-civ-5726 (GBD) (GWG), 2014 WL 3057973 at *1 (S.D.N.Y. June 27, 2014), adopted an unduly restrictive view of the nature of Dolan's activities.

Because the district court erred in determining that Dolan's complaint failed to allege protected conduct, we reinstate his Section 1983 claim and remand for the district court to reconsider, in light of our decision, whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

On remand, we direct the district court to grant Dolan an opportunity to amend his complaint. As we have stated, "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation

11

marks omitted); Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave when justice so requires"). Here, the magistrate judge recommended granting Dolan leave to amend, but the district court's decision and order did not address Dolan's request. While we harbor some skepticism as to whether the complaint, as it stands, adequately pleads a factual basis from which to infer a causal connection between Dolan's protected conduct and the adverse actions allegedly taken by (at least) some defendants, reading the pro se complaint and opposition papers liberally, we cannot conclude that amendment would be futile. *See Drimal v. Tai*, 786 F.3d 219, 223 (2d Cir. 2015); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**II.  Section 1985(3) Claim**

A conspiracy claim under Section 1985(3) requires a plaintiff to allege: "1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Britt v. Garcia*,

457 F.3d 264, 269 n. 4 (2d Cir. 2006) (internal quotation marks omitted); *see* 42 U.S.C. § 1985(3).

The conspiracy must also be "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007) (internal quotation marks omitted); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). "A narrow interpretation of the statute as protecting only blacks and other analogously oppressed minorities is untenable in light of the history of the Act." *Keating v. Carey*, 706 F.2d 377, 387 (2d Cir. 1983). Indeed, Section 1985(3) covers classes beyond race. *See, e.g., N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1359 (2d Cir. 1989) (gender); *Keating*, 706 F.2d at 388 (political affiliation). But the term class "unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors. Otherwise, innumerable tort plaintiffs would be able to assert causes of action under § 1985(3) by simply defining the aggrieved class as those seeking to engage in the activity the defendant has interfered with." *Town of W. Hartford v. Operation Rescue*, 991 F.2d 1039, 1046 (2d Cir. 1993).

13

Dolan argues that Section 1985(3) encompasses classes of jailhouse lawyers and members of an ILC.[3] We disagree. These putative "classes" plainly do not possess the type of inherited or immutable characteristics sufficient to satisfy the class-based animus requirement. *See Griffin*, 403 U.S. at 101–02 (noting that Section 1985(3) was not intended to provide a federal remedy for "all tortious, conspiratorial interferences with the rights of others" and was specifically limited "by requiring, as an element of the cause of action, . . . invidiously discriminatory motivation"). Thus, the district court properly dismissed Dolan's conspiracy claim as he failed to allege membership in a class protected under Section 1985(3).

**III.    Appointment of Counsel**

We appoint Dolan counsel in the district court. Where the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986) are satisfied, we may appoint counsel. "These factors include: (1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and

---

[3] Dolan relies on *Johnson v. Avery*, 393 U.S. 483 (1969), for the proposition that jailhouse lawyers are a protected class for Section 1985(3) purposes. However, *Johnson* did not establish jailhouse lawyers as a constitutionally protected class; it merely invalidated a state regulation that prohibited inmates from assisting other prisoners with post-conviction relief as such restriction conflicted with the federal right of habeas corpus. *See id*. at 490.

whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross-examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (citing *Hodge*, 802 F.2d at 60–61) . Here, we find that all of the *Hodge* factors favor appointment and, therefore, direct the district court, with Dolan's consent, to appoint counsel to represent him. *See* 28 U.S.C. § 1915(e); *Hodge*, 802 F.2d at 60–61. Counsel should determine which, if any, of Dolan's federal and state law claims to replead and assess whether the complaint would benefit from the inclusion of additional factual allegations.

## CONCLUSION

Accordingly, we affirm in part, vacate in part, and remand the case for further proceedings consistent with this opinion.

15