20-1971-cv
*Doe v. Fenchel*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> DENNY CHIN,
> MICHAEL H. PARK,
> > *Circuit Judges*.

_____

JOHN DOE,

> *Plaintiff-Appellant*,

> v.                                                                 20-1971-cv

LUKE ZACHARY FENCHEL,

> *Defendant-Appellee*,

CORNELL UNIVERSITY, LANCE R. COLLINS, Dean of Engineering, WILLIAM CARPENTER, Officer, DAVID FORBES DELCHAMPS, Associate Professor, COLLEGE OF ENGINEERING, CORNELL UNIVERSITY POLICE DEPARTMENT, WENDY GILMORE-FITZGERALD,

> *Defendants*.

_____

1

For Plaintiff-Appellant:  TERRY J. KIRWAN, JR., Kirwan Law Firm, P.C., Syracuse, NY,

For Defendant-Appellee:  RUSSELL E. MAINES, Allen & Maines, Ithaca, NY,

Appeal from an order of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant John Doe ("Doe") appeals from a May 21, 2020 memorandum and order of the United States District Court for the Northern District of New York (D'Agostino, *J.*) granting a motion to dismiss in favor of Defendant-Appellee Luke Zachary Fenchel ("Fenchel"). Doe commenced this action *pro se* on September 25, 2019 and thereafter filed an amended complaint alleging claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* After Doe obtained counsel, he claimed that Fenchel may also be held liable under 42 U.S.C. § 1985(3). However, he did not seek leave to file a second amended complaint. On appeal, Doe challenges only the dismissal of his purported Section 1985(3) claim against Fenchel.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review *de novo* the district court's judgment granting Fenchel's motion to dismiss. *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 99–100 (2d Cir. 2015). "To survive a motion

---

[1] In declining to challenge the district court's treatment of his ADA and Title VII claims, Doe has waived review of them. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "We may affirm on any ground that finds support in the record, regardless of the grounds upon which the district court relied." *Ellul v. Congregation of Christian Brothers*, 774 F.3d 791, 796 (2d Cir. 2014).

Setting aside the fact that Doe did not plead a cause of action under Section 1985(3), the district court dismissed his supposed Section 1985(3) claim because: 1) he failed to allege facts that give rise to a plausible entitlement to relief under Section 1985(3); and 2) he brought claims under Title VII and the ADA, precluding relief under Section 1985(3). We affirm on the former ground and need not address the latter. To state a claim for civil rights conspiracy under Section 1985(3), a plaintiff must allege:

> 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Gray v. Town of Darien*, 927 F.2d 69, 73 (2d Cir. 1991). As to the first of these elements, a plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (internal quotation marks omitted). A plaintiff must also allege that the conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious

3

discriminatory animus." *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (internal quotation marks omitted).

Here, even assuming *arguendo* that Doe pleaded a cause of action under Section 1985(3), he failed to allege plausibly that members of the alleged conspiracy entered into an agreement to achieve unlawful ends and were motivated by some class-based animus. To be sure, Doe alleges throughout his amended complaint both that Fenchel and others conspired to deprive him of his constitutional rights and that members of the conspiracy targeted him and discriminated against him based on his "race, color, gender, sex, veteran status, disability status, [and] so forth." *E.g.*, App'x at 55 ¶ 4. But he fails to plead any facts in support of these conclusory allegations.[2] Such "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient to give rise to a plausible entitlement to relief. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557); *see also Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (per curiam) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."). Consequently, the district court did not err in concluding that Doe failed to state a claim under Section 1985(3).

\* \* \*

We have considered Doe's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Moreover, Doe asserts elsewhere in his amended complaint that whatever motivation Fenchel and others had for engaging in the supposed conspiracy was financial, not discriminatory.

4