21-2724-cv
In re: Synergy Pharmaceuticals Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of August, two thousand twenty-three.

Present:     RAYMOND J. LOHIER, JR.,
             BETH ROBINSON,
                    *Circuit Judges.*[*]

_____

IN RE: SYNERGY PHARMACEUTICALS INC.

ROBERT TILTON, CROSS COUNTRY MEDIA AND
SOURCING, INC., JOSEPH BADOLATO, MICHAEL
MARGULIS, JOSEPH BUCK,

                    *Plaintiffs-Appellants,*

                    v.                                        21-2724-cv

GARY S. JACOB, GARY GEMIGNANI, MARINO GARCIA,
TROY HAMILTON,

                    *Defendants-Appellees.*[1]

---

[*] Senior Circuit Judge Rosemary S. Pooler, originally a member of the panel, passed away on August 10, 2023. The two remaining members of the panel, who are in agreement, have determined to issue this summary order. See 2d Cir. IOP E(b).

[1] The Clerk of Court is directed to amend the caption as set forth above.

Appearing for Appellants: DAVID COREY KATZ, WeissLaw LLP, New York, N.Y., Katherine M. Lenahan, *on the brief*, Faruqi & Faruqi, LLP, New York, N.Y.

Appearing for Appellees: EDMUND POLUBINSKI III, Davis Polk & Wardwell LLP, (Lara Samet Buchwald, Patrick W. Blakemore, *on the brief*), New York, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court is **AFFIRMED** in part, **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiffs Robert Tilton, Cross Country Media and Sourcing, Inc., Joseph Badolato, Michael Margulis, and Joseph Buck (collectively, "Plaintiffs") appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*) dismissing their putative class action claims alleging securities fraud in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

Plaintiffs, who are investors, filed this putative class action against defendants Gary S. Jacob, Gary Gemignani, Marino Garcia, and Troy Hamilton (collectively, "Defendants"), who are former officers of Synergy Pharmaceuticals, Inc.[2] Plaintiffs allege that Defendants made false and misleading statements about the side effect profile of Synergy's sole commercial product, Trulance, a prescription drug designed to treat chronic idiopathic constipation. These misstatements, Plaintiffs claim, artificially inflated Synergy's stock price, causing investors to suffer a loss after Trulance was excluded from the 2018 Express Scripts National Preferred Formulary and the growth-rate in Trulance prescriptions slowed.

Plaintiffs also allege that Defendants made false and misleading statements about a critical $300 million loan that Synergy secured from a private equity firm, CRG LP (the "CRG Loan"). This loan provided Synergy with an initial influx of $100 million, and allowed the company to receive additional tranches of funding if it possessed $128 million in cash (or cash equivalents) as of January 31, 2018 (the "Cash Condition Precedent"). On September 7, 2017, Jacob, Gemignani, and Hamilton represented on a conference call for the second quarter of 2017 that the CRG Loan would sustain Synergy through 2019, when Defendants expected cash flow to break even. On November 9, 2017, during another conference call, Gemignani assured investors that the CRG Loan "provide[d] [Synergy] with access to multiple tranches of up to an additional $200 million in non-dilutive capital should [they] choose to draw upon it." App'x at 82-83 (emphasis omitted). Gemignani maintained that Defendants were "confident in [their] ability to

---

[2] Synergy filed for bankruptcy in December 2018.

meet the conditions that will allow [them ] access to the additional capital if and when [they] need it." App'x at 83 (emphasis omitted).

The same day, Synergy reported its third-quarter earnings for 2017, which reflected that Synergy had only $117.8 million in cash and cash equivalents on hand at the end of the quarter. The company also filed a Form 10-Q, which Gemignani reviewed, and which reported that Synergy's third-quarter expenses exceeded $47.7 million, with only $5 million in net sales. Four days later, on November 13, 2017, Synergy filed an S-3 Registration Statement, signaling Synergy would hold a dilutive offering. Plaintiffs maintain this offering caused the share price to drop significantly.

Applying the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, the district court dismissed Plaintiffs' Section 10(b) claims. As to Trulance's side effect profile, the district court determined that Plaintiffs did not allege any material misstatements or omissions. It also concluded that Plaintiffs failed to allege loss causation because they did not plausibly link Trulance's exclusion from the Express Scripts formulary or the slowing growth in prescriptions to Trulance's side effect profile. And as to the CRG Loan, the district court reasoned that Plaintiffs had sufficiently alleged an actionable misstatement or omission but that their theory of scienter was nevertheless implausible.

Insisting that their allegations regarding Trulance's side effect profile were sufficient to establish material misstatements and loss causation, on appeal, Plaintiffs reiterate the arguments made to the district court. Having reviewed de novo the district court's dismissal of this claim pursuant to Rule 12(b)(6), *see Dolan v. Connolly*, 794 F.3d 290, 293 (2d Cir. 2015), we affirm for substantially the same reasons set forth in the district court's thorough September 30, 2021 Memorandum Decision and Order. *See In Re Synergy Pharmas., Inc. Sec. Litig.*, No. 18-cv-873, 2021 WL 4480625 (E.D.N.Y. Sept. 30, 2021).

We part company with the district court, however, over the sufficiency of the allegations relating to the CRG Loan against Gemignani. To establish liability under Section 10(b), a plaintiff must allege facts supporting the inference that a defendant acted with scienter, or "a mental state embracing intent to deceive, manipulate, or defraud," *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 48 (2011) (citation and internal quotation marks omitted), which is "at least as compelling as any opposing inference one could draw from the facts alleged," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007). Where, as here, a plaintiff cannot demonstrate a defendant's motive and opportunity to commit fraud,[3] that plaintiff must allege facts "constituting strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). Recklessness is "not merely a heightened form of negligence," but "a state of mind approximating actual intent." *S. Cherry St., LLC*, 573 F.3d at 109 (citation and internal quotation marks omitted). A plaintiff may meet this standard by alleging that a defendant "knew facts or had access to information

---

[3] Upon de novo review, we agree with the district court that Plaintiffs failed to adequately plead a "concrete benefit[]" that Defendants obtained from their misleading statements—a necessary showing for a motive to commit fraud. *See S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 108 (2d Cir. 2009) (citation and internal quotation marks omitted).

3

suggesting that their public statements were not accurate." *Emps.' Ret. Sys. of Gov't of the V.I. v. Blanford*, 794 F.3d 297, 306 (2d Cir. 2015) (citation and internal quotation marks omitted).

Contrary to the district court's holding, we conclude that the allegations regarding defendant Gemignani's November 9, 2017 statement adequately support the inference that he acted with the requisite scienter. Despite Synergy's third-quarter earnings released the same day showing that Synergy had less than $128 million in cash on hand, Gemignani assured investors that the company had access to "non-dilutive capital" which was readily available "if and when" needed. App'x 82-83. But to meet the Cash Condition Precedent and receive additional funding, Synergy would need to turn a profit in its fourth quarter—a position that Gemignani previously disavowed in his acknowledgment that Synergy did not expect a cash flow breakeven until 2019—or issue a dilutive share offering. Thus, Gemignani could be confident that Synergy would meet the Cash Condition Precedent only if he knew that Synergy would institute a dilutive share offering. He nevertheless assured investors of the CRG Loan's non-dilutive nature—a mere four days before a dilutive share offering was issued. Although Defendants disclosed the 10-Q and CRG Loan Agreement the same day, these alleged facts regarding Gemignani's November 9 statement constitute strong circumstantial evidence of recklessness on Gemignani's part. *See Emps.' Ret. Sys. of Gov't of the V.I.*, 794 F.3d at 306. The dismissal of Count One is therefore vacated as to Gemignani.

We agree with the district court, however, that Plaintiffs failed to adequately allege that Defendants acted recklessly in their September 7, 2017 statement. In that representation, Defendants stated Synergy would be able to meet the Cash Condition Precedent such that the CRG Loan would sustain Synergy through 2019. Although a review of Synergy's financial records suggests that Defendants could not have realistically expected this statement to be true, Plaintiffs have not alleged that Defendants had access to reports or projections which establish the falsity of their statement. Such a showing is insufficient to meet the standard of recklessness. *See id.*; *Novak v. Kasaks*, 216 F.3d 300, 308 (2d Cir. 2000) ("[S]ecurities fraud claims typically have sufficed to state a claim based on recklessness when they have specifically alleged defendants' knowledge of facts or access to information contradicting their public statements.").

Finally, Plaintiffs brought a "control person" liability claim under Section 20(a). *See* 15 U.S.C. § 78t(a). The district court concluded that Plaintiffs' failure to state a Section 10(b) claim doomed their Section 20(a) claim. But "[b]ecause we disagree with the district court's determination as to scienter, we also [vacate] the district court's dismissal of the Section 20(a) claim[]" insofar as it arises from the claim against Gemignani. *Setzer v. Omega Healthcare Invs., Inc.*, 968 F.3d 204, 216 (2d Cir. 2020).

4

We have considered any remaining arguments and conclude they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED in part, VACATED in part, and the case is REMANDED for further proceedings consistent with this order. Each side is to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk