22-3022-pr
*Brandon v. Alam*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand twenty-four.

Present:

> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges*.

_____

CHAMMA K. BRANDON,

> *Plaintiff Appellant*,

v.                                                                          22-3022-pr

TASBIRUL M. ALAM, in his individual capacity,

> *Defendant-Appellee*.\*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Chamma K. Brandon, *pro se*, Brooklyn, NY. |
| For Defendant-Appellee: | Barbara D. Underwood, Solicitor General, Ester Murdukhayeva, Deputy Solicitor General, Dennis Fan, Senior Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, NY. |

---

\* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Chamma K. Brandon, who is proceeding *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *District Judge*) entered November 14, 2022, granting Defendant-Appellee Tasbirul M. Alam's motion for summary judgment. Brandon sued Alam—a physician who treated him while he was incarcerated at Sing Sing Correctional Facility—asserting a claim for First Amendment retaliation under 42 U.S.C. § 1983. In March 2016, Alam started treating Brandon for a skin rash. In July 2016, Brandon filed a lawsuit, which forms the basis of his present retaliation claim, against the State of New York claiming (1) medical malpractice related to Alam's treatment of Brandon's insomnia, and (2) gross negligence arising out of the prison's construction project. After Brandon filed that lawsuit, Alam continued to treat Brandon's skin condition, as well as his other medical complaints, and in January 2017, Alam prescribed Brandon selenium sulfide, a topical cream used for various skin conditions. The topical cream must be washed off after it has been applied for the prescribed duration. On February 3, 2017, Brandon requested a shower pass to use the cream, which Alam denied as medically unnecessary. Brandon renewed his request for a shower pass, which Alam again denied. Alam finally issued Brandon a shower pass during an October 2017 appointment at which Brandon presented with a skin rash and reported an anal fissure. Brandon filed the present suit in October 2018, alleging that Alam retaliated against him for filing the medical malpractice lawsuit against the State of New York by denying him a shower pass in 2017.

2

Alam moved for summary judgment, which the district court granted. This appeal followed. We assume the parties' familiarity with the case.

"We review the district court's rulings on summary judgment *de novo*, resolving all ambiguities and drawing all permissible inferences in favor of the nonmoving party." *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 83 (2d Cir. 2020).[1] "We affirm only if there is no genuine issue of material fact and the prevailing party was entitled to judgment as a matter of law, but summary judgment must be rejected if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Indem. Ins. Co. of N. Am. v. Unitrans Int'l Corp.*, 98 F.4th 73, 77 (2d Cir. 2024). Because Brandon is *pro se*, we liberally construe his filings to raise the strongest arguments they suggest. *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).

"To prevail on a First Amendment retaliation claim, an inmate must establish (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected conduct and the adverse action." *Hayes v. Dahlke*, 976 F.3d 259, 272 (2d Cir. 2020). For an action to be adverse, the "retaliatory conduct must be the type that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Id.* "Otherwise the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003). In making this determination, "[w]e look to the specific circumstances in which retaliation claims arise, bearing in mind that prisoners may be required to tolerate more than average citizens, before a retaliatory action taken against them is considered adverse." *Hayes*, 976 F.3d at 272.

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

Brandon argues that the district court erred by granting summary judgment. In its ruling, the district court concluded that the "denial of [the shower pass] does not rise to the level of an adverse action because the harm [Brandon] suffered was *de minimis*." *Brandon v. Alam*, No. 18-CV-10158 (NSR), 2022 WL 16856353, at *6 (S.D.N.Y. Nov. 10, 2022). The district court found that it was undisputed that Brandon's skin rash merely "made him uncomfortable" during the period in which Alam refused to issue a shower pass, citing a portion of Brandon's deposition. *Id.* at *7. Brandon contends that the district court erred by finding that he failed to prove adverse action because there is evidence that he experienced "severe pain" from an "outbreak of rashes and hives" during the relevant period. Appellant's Br. at 28.

We conclude that the district court erred by granting summary judgment. While Brandon did testify that his rash was "uncomfortable" rather than painful, that testimony appears to describe his condition around the time his rash resolved at the end of 2018 or the beginning of 2019, not his condition during the relevant period in 2017. Specifically, Brandon's testimony was in response to a question about whether he still experienced "pain and discomfort" before the rash physically disappeared.[2] Dist. Ct. Dkt. 83-2, at 135–36. As for evidence regarding the relevant period in 2017, Brandon testified that he "had an outbreak of rashes and hives" that "got better and then worse and then better again." *Id.* at 118–19. He further testified that the rash "started to come back" when he did not have a shower pass, describing the rash as "nothing outrageous," "just . . . clearly evident." *Id.* at 140; *see also* Dist. Ct. Dkt. 53, at 7 (Brandon stating in a declaration that his "rashes and hives went untreated" during the relevant period and that he "suffered dearly").

---

[2] Even if Brandon's testimony described the rash during the relevant period, that testimony does not necessarily establish that the harm suffered by Brandon was *de minimis*. Although he described the rash as "uncomfortable," Brandon further explained that he "[o]ftentimes" "ripped [his] skin" from scratching. Dist. Ct. Dkt. 83-2, at 136. This testimony, considered in conjunction with the evidence described below, raises a genuine dispute of material fact as to whether Brandon suffered an adverse action.

4

He stated that the rash never got "as bad" as it did in March 2016, Dist. Ct. Dkt. 83-2, at 140, when his condition "was excruciating," *id.* at 80. Construing the evidence in the light most favorable to Brandon (as we must on Alam's motion for summary judgment), a reasonable jury could determine that Alam's refusal to issue the shower pass caused more than *de minimis* harm and constitutes adverse action. *See Davis*, 320 F.3d at 353–54 (concluding that the prisoner sufficiently pled an adverse action where he alleged that the prison officials refused to provide him with his medically prescribed high fiber diet and delayed his medical appointment).

We also conclude that Brandon has adduced sufficient evidence to raise a genuine dispute of material fact as to causation. Brandon stated in a declaration that in February 2017, when Brandon indicated his intent to file a grievance based on Alam's shower pass denial, Alam responded, "I don't care! Nothing is going to happen to me like nothing is going to happen with that lawsuit!" Dist. Ct. Dkt. 83-1, at 6. Brandon later asked Alam about his refusal to issue a shower pass, to which Alam replied, "[W]hat did you expect me to do when you came in here screaming about grieving me and that lawsuit? You can't threaten to grieve me or throw that lawsuit in my face and think I'm going to still give you a shower pass." *Id.* at 7. Viewing this evidence in a light most favorable to Brandon, we find that a reasonable jury could determine that Alam's denial of the shower pass was causally connected to the medical malpractice lawsuit. *See Brandon v. Kinter*, 938 F.3d 21, 43 (2d Cir. 2019) (finding that various comments from prison officials—including that they would "lock his ass up" if the prisoner filed another grievance— were "sufficient to support an inference of causation").[3]

\*     \*     \*

---

[3] In his motion for summary judgment, Alam raised a qualified immunity defense, which the district court did not address in its ruling. Alam has not raised that defense on appeal, and thus we need not (and do not) decide whether qualified immunity exists in this case. *See Dolan v. Connolly*, 794 F.3d 290, 295 n.2 (2d Cir. 2015).

Accordingly, we **VACATE** the judgment of the district court and **REMAND** the case for further proceedings consistent with the order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk