24-2781-cv
Cobham v. N.Y. Racing Ass'n, Inc.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty-six.

PRESENT:  DENNY CHIN,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　STEVEN J. MENASHI,
　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

ROBERT COBHAM,

　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　No. 24-2781-cv

THE NEW YORK RACING
ASSOCIATION, INC. ("NYRA"),
JUAN DOMINGUEZ, THE NYRA
PANEL OF STEWARDS AND
INDIVIDUALLY, TIM KELLY, THE
NYRA PANEL OF STEWARDS AND
INDIVIDUALLY, JOHN CLYNE,

1

NYRA SECURITY AND SENIOR
DIRECTOR, SECURITY OFFICER
OF NYRA SECURITY, AND
INDIVIDUALLY, HARRY
PAZMINO, INDIVIDUALLY,
CHYNIA BONNELL,
INDIVIDUALLY, KEITH
DOLESHEL, THE RACING
SECRETARY AND INDIVIDUALLY,
BRAULIO BAEZA, THE NYRA
PANEL OF STEWARDS AND
INDIVIDUALLY, DAVID
O'ROURKE, AS CHIEF EXECUTIVE
OFFICER AND PRESIDENT OF
NYRA AND INDIVIDUALLY, JOI
GARNER, AS EXECUTIVE VICE
PRESIDENT, GENERAL COUNSEL,
AND CORPORATE SECRETARY OF
NYRA AND INDIVIDUALLY,

         *Defendants-Appellees.*[*]

-------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:         Robert Cobham, *pro se*,
                                                 Uniondale, NY

FOR DEFENDANTS-APPELLEES:      Kelly McNamee (Henry M.
                                                 Greenberg, *on the brief*),
                                                 Greenberg Traurig, LLP,
                                                 Albany, NY

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Joan M. Azrack, *Judge*).

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

2

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Robert Cobham, representing himself, appeals from the September 17, 2024 judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*) dismissing his claims under 42 U.S.C. § 1983 against the New York Racing Association, Inc. ("NYRA") and several of its officials (collectively, "Defendants") for failure to state a claim, declining to exercise supplemental jurisdiction over his state-law claim, denying as moot his motion for a preliminary injunction, and denying leave to file a second amended complaint. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure], construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Dolan v. Connolly*, 794 F.3d 290, 293 (2d Cir. 2015) (quotation marks omitted).

As an initial matter, in dismissing Cobham's claims the District Court relied on a copy of a "Barn Area Violation" that Defendants had attached to their motion to dismiss and which purported to show that Cobham had been fined $100. Although district courts may on a Rule 12(b)(6) motion consider extrinsic material that the complaint "incorporate[s] by reference" or that is "integral" to the complaint, *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021), the "Barn Area Violation" fit neither of these descriptions. Nevertheless, on *de novo* review of the District Court's dismissal, we conclude that Cobham has failed to state a claim under 42 U.S.C. § 1983 even absent consideration of the Barn Area Violation. *See Primetime 24 Joint Venture v. Nat'l Broad. Co.*, 219 F.3d 92, 103 (2d Cir. 2000).

As for the merits, Cobham first claims a procedural due process violation arising from the fine he received for allegedly violating a NYRA safety protocol following a February 2021 hearing before a NYRA disciplinary panel called the "Panel of Stewards." *See* Supp. App'x 42–47, 61–63. Where a procedural due process claim is based on established state procedures, due process is "satisfied if the government provides notice and a limited opportunity to be heard," "so long as a full adversarial hearing is provided afterwards." *Locurto v. Safir*, 264 F.3d

4

154, 171 (2d Cir. 2001). We agree with the District Court that Cobham failed to state a procedural due process claim given his opportunity to appear at a hearing before the Panel of Stewards to "contest[] the Panel's charges, fines and penalties," Supp. App'x 43, coupled with the availability of an appeal of the Panel's decision to the New York State Gaming Commission and further review in an Article 78 proceeding in New York state court, *see* N.Y. Comp. Codes R. & Regs. tit. 9, § 4022.14; N.Y. C.P.L.R. § 7801.

Cobham separately claims that he adequately pleaded a procedural due process violation arising from the Defendants' confiscation of his racetrack credentials. Cobham's allegations suggest that the confiscation was random and unauthorized. *See Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996). "When the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides [a] meaningful post-deprivation remedy." *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006). There is no dispute that, as a matter of law, Cobham had available a post-deprivation avenue for judicial review in the form of an Article 78 proceeding. *See* N.Y. C.P.L.R. § 7801; *cf. Rice v. N.Y. State Gaming Comm'n*, 190 N.Y.S.3d 517, 520, 522 (3d Dep't 2023). "An

5

Article 78 proceeding . . . constitutes a wholly adequate post-deprivation hearing for due process purposes." *Locurto*, 264 F.3d at 175. Accordingly, we affirm the dismissal of Cobham's procedural due process claim.

Cobham next argues that the District Court erred in dismissing his substantive due process claim, which is premised on allegations that Defendants fined Cobham, revoked his racing credentials, and ordered him removed from the racetrack. We conclude that none of this alleged conduct is "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011) (quotation marks omitted). We therefore affirm the District Court's dismissal of Cobham's substantive due process claim.

Cobham's Equal Protection claim likewise fails. To establish an Equal Protection violation, Cobham must show that he "was treated differently from another similarly situated comparator." *Hu v. City of New York*, 927 F.3d 81, 93 (2d Cir. 2019). But Cobham does not identify any similarly situated comparator. We therefore affirm the District Court's dismissal of this claim.

6

We also identify no error in the District Court's conclusion that Cobham failed to state a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Since "*Monell* does not provide a separate cause of action," a "*Monell* claim cannot succeed without an independent constitutional violation." *Anilao v. Spota*, 27 F.4th 855, 873–74 (2d Cir. 2022) (quotation marks omitted). Because we conclude that Cobham has failed to state an underlying constitutional violation, Cobham's *Monell* claim likewise fails.

A district court "may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quotation marks omitted); *see* 28 U.S.C. § 1367(c)(3). With this standard in mind, we conclude that the District Court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Cobham's state-law claim after dismissing all of his federal claims. Because we conclude that the District Court correctly dismissed Cobham's claims, we also affirm the District Court's denial of Cobham's motion for a preliminary injunction as moot. *Cf. Council for Responsible Nutrition v. James*, 159 F.4th 155, 163 (2d Cir. 2025).

7

Finally, although Cobham challenges the District Court's denial of his request for leave to amend his complaint a second time, he has never proposed an amendment to his complaint that might have cured the deficiencies in the complaint that the District Court has identified. We therefore affirm the District Court's denial of leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered Cobham's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court