23-126-cv
*Finn v. State of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-three.

Present:
> PIERRE N. LEVAL
> SUSAN L. CARNEY
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

---

George H. Finn,

> *Plaintiff-Appellant*,

> v.                                                                  23-126

State of New York, Hinman, Howard & Kattell, LLC, Harvey Shapiro, Esq., Katherine A. Fitzgerald, Esq., Nelson F. Migdal, Esq., Ronald Schiess, LLS, Bruce W. Snyder, Director of LS, Delta Engineers, Architects, & Land Surveyors, PC, Jenee Rasmussen-Green, LLS, Ronald Green, LLS, Rasmussen Land Survey PLLC,

> *Defendants-Appellees*.

---

For Plaintiff-Appellant:                    GEORGE H. FINN, pro se, Windsor, NY.

For Defendants-Appellees:

Barbara D. Underwood, Solicitor General, Victor Paladino, Senior Assistant Solicitor General, Sean P. Mix, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY (*for* State of New York)

Philip A. Davolos, III, Cipriani & Werner, P.C., Port Jervis, NY (*for* Katherine A Fitzgerald; Nelson Migdal; and Hinman, Howard & Kattell, LLC).

Alfred Paniccia, Jr., The Law Office of Alfred Paniccia, Jr., Binghamton, NY (*for* Bruce W. Snyder and Delta Engineers, Architects, & Land Surveyors, PC).

Daniel R. Rose, Costello, Cooney & Fearon, PLLC, Syracuse, NY (*for* Jenee Rasmussen-Green, Ronald Green, and Rasmussen Land Survey PLLC).

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant George Finn, proceeding pro se, appeals from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*) dismissing his claims due to lack of subject matter jurisdiction. Finn alleged that the defendants conspired to steal a portion of land from his family and brought suit under 42 U.S.C. §§ 1983 and 1985. The district court dismissed his complaint, for lack of subject matter jurisdiction. Finn appealed. We assume the parties' familiarity with the case.

## I.     Forfeiture of Issues on Appeal

We "liberally construe pleadings and briefs submitted by pro se litigants, reading such

submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).[1] Pro se appellants, however, must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). We generally will not "manufacture claims of error" for a pro se party, decide issues that a party fails to raise or reach issues discussed only "in passing*." LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995); *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013).

Here, Finn's brief fails to meaningfully address the district court's decision dismissing his amended complaint. Aside from an in-passing mention of federal question jurisdiction, he does not challenge the district court's reasoning and argues only that he should not have been subject to the defendants' alleged actions. Any challenges to the underlying merits of the district court's ruling are thus forfeited. *See LoSacco*, 71 F.3d at 93; *Gerstenbluth*, 728 F.3d at 142 n.4. And although Finn briefly addresses the issue of diversity jurisdiction in his reply brief and raises issues in response to the defendants' merits briefs, we do not consider these issues because he did not raise them in his opening brief. *See Conn. Bar. Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d. Cir. 2010).

## II.    Merits

Even if Finn had not forfeited his challenge to the district court's ruling on appeal, we

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

would affirm. We note that while the district court reasoned that it lacked subject matter jurisdiction over the action, its analysis was more akin to a dismissal on the merits. *Cf. Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) ("Though some courts have considered a deficient allegation of the color-of-law element of section 1983 as a jurisdictional deficiency . . . , we have ruled that the sufficiency of a color-of-law allegation is to be tested under Rule 12(b)(6)."). Because we can affirm on any basis supported by the record, we therefore affirm on the alternative ground that Finn failed to state a claim. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

Finn has not shown that the conduct of any of the defendants—with the exception of the State of New York—constitutes state action, a requirement under § 1983. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). Here, the private defendants consisted of a law firm, attorneys, and land surveyors hired to address the property boundary issue. Finn did not allege any facts showing that they acted pursuant to the compulsive power of the state, participated in joint action with the state, or were delegated a public function by the state. *See Sybalski v. Independent Grp. Home Living Prog., Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). As for his naming the State of New York as a defendant, sovereign immunity bars Finn's claims. *See Woods v. Rondout Valley Cent. School Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006).

As the district court reasoned, the closest any of the private defendants came to acting under color of state law were acts taken by the two defendants, Nelson Migdal and Harvey Shapiro, who were appointed as commissioners by the New York state court in the 1980s. But even assuming that their conduct could be considered state action, Finn's claim was untimely. Claims arising under § 1983 in New York have a statute of limitations of three years. *See Lucente v. Cnty. of*

4

*Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020). The alleged transmission and filing of the commissioner's deed occurred in 1984, 38 years before this 2022 lawsuit. Nor is the claim subject to equitable tolling. *See Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) ("The plaintiff bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling. . . claim have ceased to be operational."). Finn became aware of the alleged discrepancies in 2016 at the latest, six years before he filed his lawsuit. Given that the statute of limitations on § 1983 claims is three years, a six-year delay in filing suit was not reasonable.

The complaint does not state a § 1985 conspiracy claim. A conspiracy under § 1985 must be "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015). Finn did not allege any facts suggesting that the defendants were motivated by his race or his membership in another class. Accordingly, he failed to state a claim for relief.

We have considered Finn's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5