**BRONX AUTO MALL, INC., d/b/a Bronx Acura, Plaintiff–Appellee,**

v.

**AMERICAN HONDA MOTOR CO., INC., Defendant–Appellant.**

**Nos. 893, 1202, Dockets 96–9022, 96–9347.**

United States Court of Appeals, Second Circuit.

Argued Feb. 21, 1997.

Decided May 12, 1997.

Eric A. Portuguese, Lester Schwab Katz & Dwyer, New York City (Robert L. Weigel, Gibson, Dunn & Crutcher, on the brief), for defendant-appellant.

Thomas C. Moore, New York City (Dale A. Schreiber, Steven A. Beede, Proskauer Rose Goetz & Mendelsohn, on the brief), for plaintiff-appellee.

Before: NEWMAN, Chief Judge, McLAUGHLIN, Circuit Judge, and OWEN,* District Judge.

PER CURIAM.

This appeal concerns the termination of an automobile dealer's franchise. American Honda Motor Co. ("AHMC") appeals from the August 2, 1996, judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, Judge), enjoining AHMC, as franchisor, from terminating the franchise agreement of Bronx

---

* Honorable Richard Owen, of the United States District Court for the Southern District of New York, sitting by designation.

Auto Mall, Inc. ("Bronx Auto") either on the basis of an existing notice of termination, or for Bronx Auto's failure to complete certain renovations specified in that notice. In addition, AHMC appeals from the October 2, 1996, supplemental judgment awarding attorney's fees and costs to Bronx Auto.

■ The principal issue is whether, even if the real reason motivating the franchisor's termination of a dealership would have satisfied the "due cause" requirement of the Franchised Dealer Act of New York (the "Act"), it is an unfair business practice for a franchisor to indicate a pretextual reason in the written termination notice. *See* N.Y. Veh. & Traf. L. (Franchised Dealer Act) § 463(2)(d)(1) (McKinney 1996).

■ In a well-reasoned and thorough opinion, Judge Kaplan held that stating a false reason for termination of a dealership violates the Act's prohibition of false business practices. In addition, he found that because AHMC had not demonstrated the reasonableness of its demand that Bronx Auto make certain substantial renovations at its dealership, AHMC could not insist on those renovations as a prerequisite to renewal of the franchise agreement. *See id.* § 463(2)(c). We agree with both conclusions, and therefore affirm on the opinion of the District Court. *Bronx Auto Mall, Inc. v. American Honda Motor Co.*, 934 F.Supp. 596 (S.D.N.Y. 1996). Because we find no abuse of discretion in the amount of the award of attorney's fees, we also affirm the supplemental judgment.