23-7343-cv
*Garrand Brothers LLC v. American Honda Motor Co., Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-four.

Present:

> BARRINGTON D. PARKER,
> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

GARRAND BROTHERS LLC, DBA GARRAND'S MOTORSPORTS,

> *Plaintiff-Appellant,*

> v.                                                                No. 23-7343-cv

AMERICAN HONDA MOTOR CO., INC.,

> *Defendant-Appellee.*

_____

For Plaintiff-Appellant:                                    Steven H. Blatt,
                                                           Bellavia Blatt, P.C.,
                                                           Mineola, NY.

For Defendant-Appellee:                                          Billy M. Donley,
                                                                 J. Keith Russell,
                                                                 Baker & Hostetler LLP,
                                                                 Houston, TX.

                                                                 Adam Hill Cooper,
                                                                 Jonathan E. Hansen,
                                                                 Monaco Cooper Lamme &
                                                                 Carr, PLLC,
                                                                 Albany, NY.

Appeal from a September 8, 2023 judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Garrand Brothers LLC, d/b/a Garrand's Motorsports ("Garrand") appeals from the district court's order granting Defendant-Appellee American Honda Motor Company, Inc.'s ("Honda") motion to dismiss Garrand's action alleging violations of the New York Franchised Motor Vehicle Dealer Act, codified at New York Vehicle and Traffic Law §§ 460–73 (the "Dealer Act"), as well as contract claims.

In 2015, Garrand entered into four Dealer Agreements with Honda for the sale of Honda motorcycles, all-terrain vehicles, motor scooters, and multi-utility vehicles. The agreements specified that the dealership was to be located at 52 Boynton Avenue, Plattsburgh, NY 12901, and that Garrand would not move to, establish, or operate a dealership at any other location or facility without Honda's prior written consent. In July 2022, Garrand was evicted from the Boynton Avenue location and moved to a new site without seeking or receiving Honda's written permission. On July 20, 2022, Honda issued a letter to Garrand, stating that Garrand had breached the Dealer

2

Agreements by moving the dealership to a new, unapproved location and notifying Garrand of its intention to terminate the agreements.

After Garrand sued Honda for breach of contract, breach of the covenant of good faith and fair dealing, and violations of the Dealer Act, the district court dismissed Garrand's claims under Federal Rule of Civil Procedure 12(b)(6). As relevant here, the district court found that: (1) Honda had due cause for terminating the agreements because Garrand had materially breached the Dealer Agreements by moving the dealership to a new location without Honda's prior written consent, and (2) Honda did not terminate the Dealer Agreements without providing notice as required under the Dealer Act. The district court additionally denied Garrand leave to amend the complaint because it concluded that any proposed amendment would be futile. Garrand timely appealed.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Collins v. Putt*, 979 F.3d 128, 132 (2d Cir. 2020) (alteration adopted) (quoting *Dolan v. Connolly*, 794 F.3d 290, 293 (2d Cir. 2015)). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

3

**DISCUSSION**

The Dealer Act limits the circumstances and manner in which a franchisor may terminate, cancel, or refuse to renew the franchise of any franchised motor vehicle dealer. N.Y. Veh. & Traf. L. § 463(2). Under the Act, a franchisor generally must provide written notice of its intention to terminate, cancel, or refuse to renew a franchise at least ninety days before the effective date of such termination. *Id.* § 463(2)(d)(1). Under certain conditions, including the failure of the franchised motor vehicle dealer to conduct customary sales and service operations for a continuous period of seven business days, a franchisor may terminate the franchise upon fifteen days' written notice. *Id.* § 463(2)(d)(3)(ii).

In an action seeking to enjoin the termination of a franchise agreement under Section 463, the franchisor must establish that it acted with "due cause," meaning that there was "a material breach . . . of a reasonable and necessary provision of a franchise," which was "not cured within a reasonable time after receiving written notice of the breach." *Id.* § 463(e)(2); *see also Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*, 756 F.3d 204, 208–09 (2d Cir. 2014). "[D]ue cause is not satisfied unless the franchisor both has good cause and acts in good faith." *Bronx Auto Mall, Inc. v. Am. Honda Motor Co.*, 934 F. Supp. 596, 611 (S.D.N.Y. 1996), *aff'd*, 113 F.3d 329 (2d Cir. 1997) (internal quotation marks omitted).

**I. Impossibility**

Garrand argues that its unauthorized relocation of the dealership did not constitute a breach of the Dealer Agreements, notwithstanding the multiple provisions prohibiting such conduct, because Garrand could not have remained at its approved location due to the unforeseen eviction. Because the move was, in Garrand's view, "excused by impossibility," Honda did not have due

4

cause for subsequently terminating the Dealer Agreements.    Appellant's Br. at 12.

As a preliminary matter, this argument is waived, as Garrand did not raise it below.    *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994))).    But the argument also fails on the merits because it is premised on a misunderstanding of contract law.

"Impossibility (also known as 'impracticability') is an affirmative defense under New York law against liability for nonperformance of a contractual obligation."    *Red Tree Invs., LLC v. Petroleos de Venezuela, S.A.*, 82 F.4th 161, 170 (2d Cir. 2023).    "A party invokes impossibility to excuse its own inability to perform."    *United States v. Gen. Douglas MacArthur Senior Vill., Inc.*, 508 F.2d 377, 381 (2d Cir. 1974).    However, even if justified by impossibility, a party's failure to perform under a contract will discharge the other party's duty to perform.    Impossibility, in other words, cannot be converted "from a shield to a sword."    *Utica Mut. Ins. Co. v. Clearwater Ins. Co.*, 906 F.3d 12, 23 (2d Cir. 2018).

Here, Garrand attempts to do just that.    While impossibility could potentially excuse Garrand from liability for its own nonperformance in a breach of contract action brought by Honda, it cannot be used as a means of forcing Honda to perform under the contract, notwithstanding Garrand's breach.    In any event, Garrand's impossibility claim, even if properly alleged, would fail because Garrand has not established that it would have been objectively impossible to seek Honda's approval prior to relocating the dealership.    *See Red Tree Invs. LLC*, 82 F.4th at 170 ("Under New York law, impossibility excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively

5

impossible." (alterations adopted and internal quotation marks omitted)).

Accordingly, regardless of any potential impossibility claim, Garrand's unauthorized relocation of the dealership constituted a material breach of the Dealer Agreements and provided due cause for Honda to terminate the franchise agreements.

## II. Constructive Termination

Garrand also argues that Honda constructively terminated the Dealer Agreements by: (1) preventing Garrand from displaying Honda's trademarks and signage; (2) limiting access to the dealer network site; (3) prohibiting Garrand from performing warranty service repairs; and (4) limiting Garrand's communications with Honda,[1] all without providing the notice required by the Dealer Act. This claim also fails.

New York courts have yet to definitively address whether constructive termination is a cognizable claim under the Dealer Act. But assuming, *arguendo*, that such a cause of action exists, Garrand has clearly failed to state a viable claim here. The elements of a constructive termination claim vary under different statutes but generally include either the formal termination of the franchise relationship or *de facto* termination based on economic duress. *See, e.g.*, *Mac's Shell Serv., Inc. v. Shell Oil Prods. Co. LLC*, 559 U.S. 175, 184 (2010) (explaining that under the Petroleum Marketing Practices Act, constructive termination "requir[es] franchisees to abandon their franchises"); *Petereit v. S.B. Thomas, Inc.*, 63 F.3d 1169, 1183 (2d Cir. 1995) ("in order to justify a finding of constructive termination" under the Connecticut Franchise Act, a franchisee

---

[1] Garrand did not allege in the complaint that Honda prohibited it from performing warranty service repairs or limited communications. We therefore need not consider those allegations herein. *See Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000) ("In general, a federal appellate court does not consider an issue not passed upon below." (internal quotation marks omitted)).

must demonstrate that "a franchisor's actions result in a *substantial decline* in franchisee net income").

Garrand has failed to meet either standard. It has not alleged that Honda's actions either forced it to sever the franchise relationship or resulted in a substantial decline in its net income. Moreover, the complaint does not allege that Honda took any actions allegedly constituting constructive termination prior to the expiration of the fifteen-day waiting period defined by the Dealer Act. Accordingly, Garrand has failed to state a claim for constructive termination in violation of the Dealer Act.

## III.    Leave to Amend

Garrand seeks leave to amend its complaint, in order to: (1) "more fully describe the circumstances of its eviction and emphasize that it . . . would have been impracticable, through no fault of its own" to remain at its original location, (2) to "more fully describe the circumstances of Honda's constructive termination of the Dealer Agreements with no notice," and (3) to allege breach of the Dealer Agreements and violations of the Dealer Act based on Honda's refusal to supply it with vehicles and parts. Appellant's Br. at 17–18.

While leave to amend should generally be "freely given," there is no rule that every request to amend must be granted. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (internal quotation marks omitted); *see* Fed. R. Civ. P. 15(a). Further, where the problem with a complaint is "substantive" and "better pleading will not cure it," a motion for leave to amend should be denied because "[r]epleading would . . . be futile." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Garrand has not identified with any specificity, either below or on appeal, any additional or modified allegations that would address the above-mentioned deficiencies in its claims. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."). Based on our finding that Garrand's unauthorized relocation constituted a material breach of the Dealer Agreements and that Honda's subsequent termination was justified by due cause, Garrand's proposed amendments would be futile. The district court therefore did not err in denying leave to amend.

*                    *                    *

We have considered Garrand's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8