23-6601-cv
*Smith v. New York State*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of November, two thousand twenty-four.

PRESENT:
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

JUA SMITH,

> *Plaintiff-Appellant*,

> v.                                        23-6601-cv

NEW YORK STATE, ANTHONY J. ANNUCCI, DANIEL J. MARTUSCELLO, JR., JOAN M. SMITH, DAVID BARRINGER, JON MILLER, VERNON L. BALDWIN, R. RIZZI, W. KENNEWEG, WAGNER, W. ARVIDSON, JACKSON, ALMASI, SLAVEN, CHERYL HUFF, R. DAVIES,

> *Defendants-Appellees*,

NEW YORK STATE JUDICIARY, JANET DIFIORE, KAREN K. PETERS, WILLIAM G. MCCARTHY, CHARLES M. TAILLEUR, ANGELO SCATURRO, SHEILA E. SHEA,

JEREMY J. BEST, STATE OF NEW YORK
OFFICE OF THE ATTORNY GENERAL,
MARTIN A. HOTVET, KATE H. NEPVEU,
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, RAYMOND,
BRABHAM, BARNES F/K/A BATES,

*Defendants.*[*]

---

FOR PLAINTIFF-APPELLANT:

Jua Smith, *pro se*, Coxsackie, New York.

FOR DEFENDANTS-APPELLEES:

Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, Beezly J. Kiernan, Assistant Solicitor General of Counsel, *for* Letitia James, New York State Office of the Attorney General, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Anne M. Nardacci, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on May 1, 2023, is **AFFIRMED**.

Appellant Jua Smith, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of the defendants, dismissing Smith's third-amended complaint (the "TAC") asserting claims, pursuant to 42 U.S.C. § 1983, for: (1) deliberate indifference to his conditions

---

[*] The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

of confinement and medical needs, in violation of the Eighth Amendment; and (2) retaliation for filing grievances, in violation of the First Amendment.[1] In the TAC, Smith alleged that various defendants were deliberately indifferent towards him by force feeding him through feeding tubes that were too large and denying him access to warm clothes and other personal items, in connection with his hunger strike, while he was incarcerated at the Coxsackie Correctional Facility ("Coxsackie"). The TAC further alleged that various defendants retaliated against Smith for filing grievances against them by, *inter alia*, restricting Smith's access to the library and reducing his recreation time.

On May 1, 2023, the district court adopted Magistrate Judge Thérèse Wiley Dancks's February 28, 2023 Report and Recommendation, granted summary judgment in defendants' favor, and dismissed the TAC. *See generally Smith v. Annucci*, No. 17-cv-558 (AMN) (TWD), 2023 WL 3853655 (N.D.N.Y. Feb. 28, 2023), *report and recommendation adopted*, 2023 WL 3168896 (N.D.N.Y. May 1, 2023). On appeal, Smith argues that, in doing so, the district court erred in dismissing his Eighth and First Amendment claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the

---

[1] Although the district court also dismissed other claims in the TAC, Smith does not challenge the dismissal of those claims on appeal, and we therefore deem them abandoned. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I. Eighth Amendment Claims

Smith asserted an Eighth Amendment conditions of confinement claim against various defendants for "the prolonged confinement [in the infirmary at Coxsackie] without warm clothing, underwear, and sufficient blankets, in order to use cold temperature as a weapon" to compel him to end his hunger strike. Dist. Ct. Dkt. No. 159 at 162, ¶ 6. Smith also asserted a deliberate indifference claim against medical personnel at Coxsackie, alleging they violated his Eighth Amendment rights by "repeatedly force feeding [him] with a too-large [nasogastric] tube, without anesthetic," to ensure he would eat regularly. *Id.* at 159, ¶ 4.

The Eighth Amendment requires prison officials to "provide humane conditions of confinement" by "ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care, and . . . [by] tak[ing] reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). Under the Eighth Amendment, a conditions of confinement claim has both objective and subjective components. First, the plaintiff must show that, objectively, "the conditions of his confinement result in unquestioned and serious deprivations of basic human needs." *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996) (internal quotation marks and citation omitted). This prong is satisfied by a showing that the plaintiff's "conditions [of confinement] . . . pose an unreasonable risk of serious damage to his health," that is, a deprivation of "basic human needs such as food, clothing,

medical care, and safe and sanitary living conditions." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks and citations omitted). Second, the plaintiff must establish that, subjectively, the defendant-officials were deliberately indifferent to the hazardous condition. *See Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996); *see also Jolly*, 76 F.3d at 481 (explaining that deliberate indifference is "the subjective prong of the Eighth Amendment inquiry"). To establish deliberate indifference, a plaintiff must show that a prison official had the requisite "culpable intent," which is present if the official "has knowledge that an inmate faces a substantial risk of serious harm *and* he disregards that risk by failing to take reasonable measures to abate the harm." *Hayes*, 84 F.3d at 620 (emphasis added). As such, "mere negligence will not suffice." *Id.*

An Eighth Amendment claim for deliberate indifference to a medical need is subject to a similar standard. The Eighth Amendment's prohibition on cruel and unusual punishment includes punishments "involv[ing] the unnecessary and wanton infliction of pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted). Thus, a medical indifference claim can be supported by a showing of "deliberate indifference to [a plaintiff's] serious medical needs." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This is also a two-pronged analysis. The plaintiff must show first, that the alleged deprivation of care is sufficiently serious, and second, that the defendant acted with sufficient culpability in that he "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* (quoting *Farmer*, 511 U.S. at 837).

Here, we conclude the district court properly granted summary judgment to the defendants

5

on the Eighth Amendment claims. With respect to the conditions of confinement claim, even assuming *arguendo* that the deprivations were sufficiently serious to satisfy the objective prong of an Eighth Amendment claim, the record contains no evidence that prison officials knew of and disregarded any such risk of serious harm. *See Hayes*, 84 F.3d at 620. To the contrary, it is undisputed that, while in the infirmary, Smith was provided with a set of clothing, including shirts, pants, pajamas, socks, underwear, and boots, was given an extra blanket when he asked for one, and eventually received cold-weather clothing for additional warmth. *See, e.g.*, *Trammell v. Keane*, 338 F.3d 155, 164 (2d Cir. 2003) (holding that plaintiff failed to allege deliberate indifference where plaintiff received regular attention from prison health professionals). Further, Smith conceded that his hunger strike affected his perception of coldness in the infirmary. In short, while prolonged exposure to extreme cold can constitute an Eighth Amendment claim, Smith offers no non-speculative evidence that prison officials were deliberately indifferent to the kind of extreme temperatures that can support a conditions of confinement claim. *Cf. Gaston v. Coughlin*, 249 F.3d 156, 164–66 (2d Cir. 2001) (vacating and remanding the dismissal of an inmate's complaint alleging, *inter alia*, broken windows in his cell block that were unrepaired for the entire winter, "exposing inmates to freezing and sub-zero temperatures"). Thus, the district court correctly determined that, because there was insufficient evidence from which a rational jury could find that the subjective prong of the conditions of confinement claim was satisfied, summary judgment was warranted on this claim.

We reach the same conclusion with respect to the district court's grant of summary judgment on Smith's medical indifference claim because the record contains no evidence to

support a culpable mental state on the part of the defendants, even assuming *arguendo* that the need for a smaller nasogastric feeding tube was sufficiently serious to satisfy the objective prong of an Eighth Amendment claim. *See Chance*, 143 F.3d at 703. The uncontroverted evidence demonstrates that the larger tube sizes were medically indicated for adult men, that the defendants accommodated Smith with a smaller tube size after approximately five days of intermittent use of the larger tube, and that Smith's own repeated removal and replacement of the tube against his doctor's recommendation contributed to his pain and swelling. Based on that evidence, no rational jury could find that any prison officials knew of and disregarded an excessive risk to Smith's health or safety during the course of his hunger strike. Moreover, to the extent Smith argues the district court erred by failing to credit the affidavit of his expert, we are unpersuaded. The expert opined that the defendants acted negligently with respect to the force feedings. Negligence, however, does not rise to the level of deliberate indifference and thus is insufficient to support Smith's medical indifference claim. *See Hayes*, 84 F.3d at 620. In short, on this record, the district court correctly determined that "[Smith's] showing that Defendants were deliberately indifferent to his medical needs based on force feedings is insufficient as a matter of law."[2] *Smith*, 2023 WL 3168896, at *8.

## II. First Amendment Claim

Smith also contends that the district court erred in granting summary judgment on his First Amendment retaliation claim. We disagree.

To prevail on his First Amendment claim for retaliation, Smith "must show (1) that the

---

[2] Because we affirm the dismissal of the medical indifference claim on this ground, we need not address defendants' alternative argument that the claim is barred by the applicable statute of limitations.

speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (internal quotation marks and citation omitted). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks and citation omitted); *see also Espinal v. Goord*, 558 F.3d 119, 128 n.7 (2d Cir. 2009). We approach prisoner retaliation claims with "skepticism and particular care," given that "virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks and citation omitted). Thus, such claims must be "supported by specific and detailed factual allegations." *Id.* (internal quotation marks and citation omitted).

Here, the district court properly determined that none of the alleged retaliatory conduct was sufficiently adverse to support a retaliation claim. The conduct that Smith perceived as retaliatory, including restricting his library access and recreation time, was primarily a function of his admission to the infirmary due to his hunger strike, and no rational jury could find that such conduct, under the particular circumstances here, would deter a "similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Davis*, 320 F.3d at 353. Accordingly, we conclude the district court did not err in granting summary judgment in defendants' favor and dismissing the First Amendment claim.

\*        \*        \*

We have considered all of Smith's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court