24-1440-pr
Reynolds v. Quiros

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
MYRNA PÉREZ,
*Circuit Judges.*

-------------------------------------------------------------------

RICHARD REYNOLDS,

*Plaintiff-Appellant*,

v.

No. 24-1440-pr

ANGEL QUIROS, KRISTINE BARRONE, WILLIAM MULLIGAN, DAMIEN DORAN, SCOTT SALIUS, JOSHUA BURNS, DAVID MAIGA, CRAIG WASHINGTON, ROGER BOWLES,

*Defendants-Appellees.*<sup>*</sup>

---

<sup>*</sup> The Clerk of Court is directed to amend the caption as set forth above.

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | DAVID N. ROSEN, David Rosen & Associates, P.C., New Haven, CT |
| FOR DEFENDANTS-APPELLEES: | FRANK J. GAROFALO III, Assistant Attorney General (James Belforti, Assistant Attorney General, *on the brief*), *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT |

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Richard Reynolds, who is serving a life term of imprisonment, appeals from a March 25, 2024 judgment of the United States District Court for the District of Connecticut (Underhill, *J.*) granting summary judgment in favor of current and former officials of the Connecticut Department of Corrections and of several facilities in which Reynolds has been incarcerated. Although the District Court granted summary judgment on all of Reynolds's claims, on appeal Reynolds challenges only the dismissal of his First Amendment

2

retaliation and his class-of-one equal protection claims.   We assume the parties'

familiarity with the underlying facts and the record of prior proceedings, to

which we refer only as necessary to explain our decision to affirm.

On March 11, 2021 this Court decided *Reynolds v. Quiros*, 990 F.3d 286 (2d

Cir. 2021) ("*Reynolds I*"), which affirmed in relevant part a permanent injunction

of a Connecticut statute establishing special "conditions of imprisonment to

replace the death penalty for convictions for capital felonies."   *Id.* at 291.   On

March 15, 2021, Reynolds, the plaintiff in *Reynolds I,* was charged with

conspiracy to convey contraband into the Northern Correctional Institution

("Northern") and placed in restrictive housing.   After a search of his cell

uncovered additional contraband including a small screwdriver, a functioning

lighter, a hard drive, excessive medication, and a pornographic video, Reynolds

was placed on High Security status.

Reynolds claims that his placement on High Security status in March 2021,

the renewal of that status in November 2021, his subsequent transfer to another

correctional facility, and the confiscation of his property, were all actions taken

unlawfully in retaliation for his successful lawsuit.   He further claims that the

justification that the Appellees offered for his placement on High Security

3

status — the charges brought against him for possession of contraband and conspiracy to convey contraband — was pretextual, and that the Appellees' real purpose was to punish him for his role in the *Reynolds I* litigation. Finally, he advances a class-of-one equal protection claim, alleging that he was singled out for punishment in violation of the Fourteenth Amendment.

## I. Retaliation

To establish a retaliation claim, a plaintiff must show "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (quotation marks omitted). Even if a plaintiff establishes a *prima facie* case of retaliation, "his claim will still not survive summary judgment . . . if the defendants meet their burden of showing that there is no genuine issue as to the fact that [the plaintiff] would have received the same punishment even if [the defendants] had not been improperly motivated." *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996).

Reynolds does *not* dispute that he had the items deemed contraband and engaged in a conspiracy to import more contraband into the facility, nor does he

4

dispute that several of those violations created serious safety concerns.[1]

Reynolds also does not dispute that he has the "experience, special skills and/or knowledge which may present security or safety concerns" in the future, which constitutes sufficient grounds for placement on High Security status.   App'x 313–14.   Reynolds offers no evidence from which a reasonable juror could infer that, despite ample justification for his High Security placement, Appellees would not have taken that step were it not for his protected speech.   For these reasons, we agree with the District Court that the Appellees met their burden of demonstrating "that the disciplinary action would have occurred regardless" of any retaliatory intent.   *Hayes v. Dahlke*, 976 F.3d 259, 272 (2d Cir. 2020).

Reynolds next contends that the District Court erred in dismissing his retaliation claim arising from the confiscation of his property when he transferred to MacDougall-Walker Correctional Institution ("MWCI").

---

[1] Reynolds argues that the Appellees "seized on" one piece of purported contraband he possessed — a small screwdriver — and made it seem more serious than it truly was in order to justify his placement in High Security.   But there is no record evidence to contradict the Appellees' judgment that a small screwdriver is at least "a *possible* escape item."   App'x 610–11 (emphasis added).   Nor does the record support Reynolds's claim that the screwdriver was singularly important to the Appellees' decision to place him in High Security, rather than one small piece of the totality of the circumstances justifying the placement.

5

Reynolds does not contest either that the rules at any of the correctional facilities where he was incarcerated forbid possession of the property that was taken from him, or that the property at issue here had been approved specifically for Northern but *not* for MWCI. *See* App'x 603. That evidence, combined with the rules regarding inmate property, *see* App'x 284, 300–02, and the concern that Reynolds had compromised a correctional officer, persuade us to affirm the District Court's dismissal of this claim because the relevant Appellees have adequately shown that they would have taken the same action absent any improper motive.

Last, Reynolds concedes that "there [was] an obvious rationale" for his transfer to Garner Correctional Institution — namely, separating him from the guard under investigation for conspiring to smuggle contraband into Northern. Appellant's Br. 22. Reynolds's only response — to speculate that the "obvious rationale" was pretextual — is insufficient to create a genuine dispute of material fact. Accordingly, we agree with the District Court that Reynolds would have been transferred even absent retaliatory intent.

## II. Equal Protection

To prevail on his class-of-one equal protection claim, Reynolds must show

that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Progressive Credit Union v. City of New York*, 889 F.3d 40, 49 (2d Cir. 2018). We see no error in the District Court's dismissal of Reynolds's class-of-one claim, given the existence of a rational basis for the alleged difference in treatment, namely Reynolds's High Security status and his role in conspiring to convey contraband. *See Progressive Credit Union*, 889 F.3d at 49.

## CONCLUSION

We have considered Reynolds's remaining arguments and determined that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court